# EXHIBIT A

*8/28/12*
*10:45 am*
*TS*

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 26 2012  8:47PM MDT<br>Filing ID: 45033683<br>Review Clerk: Matthew Palmer |
| **PAUL CURRY, an individual,**<br>**Plaintiff,**<br><br>v.<br><br>**MILLERCOORS, INC, a foreign corporation,**<br>**Defendant.** | **COURT USE ONLY**<br><br>Case Number: 12CV____ |
| Attorneys for Plaintiff:<br>Robert J. Corry, Jr. #32705<br>Travis B. Simpson #43858<br>600 Seventeenth Street<br>Suite 2800 South Tower<br>Denver, Colorado 80202<br>303-634-2244 telephone<br>720-420-9084 facsimile<br>Robert.Corry@comcast.net<br>travisbsimpson@gmail.com | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT MILLERCOORS, INC. c/o The

Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202:

You are hereby summoned and required to file with the clerk of this Court an

answer or other response to the attached *Complaint*. If service of this *Summons* and

*Complaint* was made upon you within the State of Colorado, you are required to file

your answer or other response within 20 days after such service upon you.  If

service of this *Summons* and *Complaint* was made upon you outside the State of

Colorado, you are required to file your answer or other response within 30 days

after such service upon you.  Your answer must be accompanied by a filing fee.

If you fail to file your answer or other response to the *Complaint* in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the *Complaint*, without any further notice.

Dated this 25th day of June, 2012            Respectfully submitted,

*(original signature on file)*
*/s/ Robert J. Corry, Jr.*

_____

Robert J. Corry, Jr.
Travis B. Simpson

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Jun 26 2012 8:47PM MDT**<br>**Filing ID: 45033683**<br>**Review Clerk: Matthew Palmer** |
| **PAUL CURRY, an individual,**<br>**Plaintiff,**<br><br>v.<br><br>**MILLERCOORS, INC, a foreign corporation,**<br>**Defendant.** | **COURT USE ONLY**<br>——————————<br><br>Case Number: 12CV\_\_\_\_ |
| Attorneys for Plaintiff:<br>Robert J. Corry, Jr. #32705<br>Travis B. Simpson #43858<br>600 Seventeenth Street<br>Suite 2800 South Tower<br>Denver, Colorado 80202<br>303-634-2244 telephone<br>720-420-9084 facsimile<br>Robert.Corry@comcast.net<br>travisbsimpson@gmail.com | |
| **COMPLAINT** | |

Plaintiff Paul Curry, through undersigned counsel, hereby submits his Complaint, and as grounds states as follows;

## PARTIES

1.     Plaintiff Paul Curry ("Mr. Curry" or "Plaintiff") is an individual who resides in Denver, Colorado.

2.     Defendant MillerCoors, LLC ("Defendant") is a limited liability company incorporated in Delaware, with a principal street address in Chicago, Illinois, with a Colorado Registered Agent for Service in Denver, Colorado, and which can be found in and served in Denver, Colorado.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper over the Defendant with regard to the claims asserted by the Plaintiff.

4.    Venue is proper in this Court pursuant to C.R.C.P. 98.

## General Allegations

5.    MillerCoors LLC hired Paul Curry approximately seven years ago as a maintenance mechanic.  He worked there full-time until terminated in 2011.  He had an exemplary work record during the time he worked for MillerCoors LLC, other than the termination complained about in this action.

6.    Paul Curry is a 57-year-old man who suffers from hepatitis C, osteoarthritis, and pain and muscle spasm caused by a work-related back injury.

7.    Mr. Curry has suffered from chronic hepatitis C for over five years.

8.    In 2002, Mr. Curry began to seek medical treatment for liver problems he was experiencing.  Since 2002, Mr. Curry has regularly seen physicians with regard to his chronic hepatitis C.  Mr. Curry still continues to seek treatment for hepatitis C. MillerCoors LLC is and was aware of Mr. Curry's disabilities.

9.    Mr. Curry suffers from osteoarthritis.  This condition has developed over the years with symptoms consistent with pre-rheumatoid arthritis.

10.    Since 2002, Mr. Curry has experienced worsening arthritic symptoms in his hands and fingers.  Mr. Curry's family has a history of severe rheumatoid arthritis.

11.    The symptoms of Mr. Curry's arthritis are stiffness and pain in his hands. At times, this pain and stiffness substantially limits Mr. Curry's ability to use his hands. Mr. Curry continues to seek treatment for his osteoarthritis and continues to monitor the development of rheumatoid arthritis.

12.    On March 31, 2009, Mr. Curry injured his back while working for MillerCoors, which was aware of this injury.

13.    Mr. Curry began to experience back pain so severe that it prevented him from sleeping.

14.    Mr. Curry continues to experience recurrent back pain as a result of this injury, and he continues to limit his bending, twisting, and stooping.  These restrictions have substantially impacted Mr. Curry's ability to engage in any strenuous activities.

15.    Mr. Curry sees physicians regularly with regard to these conditions, and has used various prescriptions, recommendations, and physical therapy regimens to treat the chronic and disabling symptoms of these conditions.

16.     The Hepatitis C, arthritis, as well as the pain and muscle spasms from his back injury substantially limit major life activities for Mr. Curry, and Mr. Curry has records describing these impairments.

17.     On February 19, 2010, Mr. Curry's physician recommended that Mr. Curry use medical marijuana to treat the symptoms of his medical conditions. Mr. Curry found that medical marijuana effectively reduced his pain and symptoms of his debilitating medical conditions, and he used it relatively inconsistently until February 18, 2011.

18.     On January 19, 2011, MillerCoors made statements at a town hall meeting and distributed its drug-free workplace policy.

19.     MillerCoors' drug-free workplace policy requires employees who are medical marijuana patients to disclose their confidential medical marijuana patient status and make this information public to MillerCoors' officials.

20.     On March 3, 2011, Plaintiff was involved in an incident resulting in damage to the roof at MillerCoors, LLC. Plaintiff tried to prevent the incident from occurring and was not responsible for the damage that occurred.

21.     Plaintiff stood on a handrail to signal the crane operator who was responsible for the damage incurred at MillerCoors.

22.     Plaintiff's involvement in the incident automatically triggered an involuntary drug test.

23.     Plaintiff did not consent to the drug test and told the administering security officer that he was a medical marijuana patient.

24.     Mr. Curry's first two drug screens were invalid. Mr. Curry was required by MillerCoors to go to Health Services clinic to take another test.

25.     None of Mr. Curry's drug screen results specified whether the tetrahydrocannabinol ("THC") found in his system was active or merely residual from his use of medical marijuana off work hours. In fact, Mr. Curry never used medical marijuana at work or close to work hours.

26.     On March 7, 2011, Mr. Curry received a written warning from MillerCoors because "Paul had not reported [his medical marijuana] usage to the medical center."

3

27.   Also on March 7, 2011, Mr. Curry received a written warning for his usage of the handrail to signal the crane operator during the incident that occurred on March 3, 2011.

28.   On March 10, 2011, the Medical Review Officer returned the results from the Health Services drug test. The results were a verified positive for "cannabinoids" (THC).

29.   MillerCoors discharged Mr. Curry on March 14, 2011 for allegedly violating the drug-free workplace policy and because of his debilitating medical conditions.  Mr. Curry pursued a claim through the Colorado Division of Civil Rights, which mailed Mr. Curry a Notice of Right to Sue on or about March 29, 2012.

## FIRST CLAIM

### (Discrimination Based on Disability)

30.   C.R.S. § 24-34-401(1)(a) states that "[i]t shall be a discriminatory or unfair employment practice [f]or an employer to… to discharge… any person otherwise qualified because of disability… but, with regard to a disability, it is not a discriminatory or an unfair employment practice [to discharge a person] if there is no reasonable accommodation that the employer can make with regard to the disability, the disability actually disqualifies the person from the job, and the disability has a significant impact on the job."

31.   MillerCoors discharged Mr. Curry, who was otherwise qualified to perform his job, because of the treatment that Mr. Curry was using to manage the symptoms of his disabling medical conditions.  Mr. Curry did not require any accommodation for this treatment because he only used medical marijuana off-duty and his disability, as well as the treatment of his disability, did not have a significant impact on his job.

32.   Under Colorado law, "disability" means "a physical impairment which substantially limits one or more of a person's major life activities and includes a record of such an impairment and being regarded as having such an impairment." C.R.S. § 24-34-301 (2.5).  Mr. Curry's medical conditions qualify under this definition of disability.

33.   The Colorado Constitution, Article XVIII section 14(1)(a)(II) further defines "debilitating medical condition" as follows: "A chronic or debilitating disease or medical condition, or treatment for such conditions, which produces, for a specific patient, one or more of the following, and for which, in the professional opinion of the patient's physician, such condition or conditions reasonably may be alleviated by the medical use of marijuana: cachexia; severe pain; severe nausea; seizures, including those that are characteristic of epilepsy; or persistent muscle spasms, including those that are

4

characteristic of multiple sclerosis;". Mr. Curry suffers from debilitating medical conditions under this definition.

34.     The Colorado Constitution, Article XVIII § 14(1)(b) provides that "[n]othing in this section shall require any employer to accommodate the medical use of marijuana in any work place." Here, Mr. Curry did not use medical marijuana in the work place; all of his use was outside of the work place, which should have been accommodated by MillerCoors, but was not.

35.     At the time of his discharge, MillerCoors was aware of Mr. Curry's status as a medical marijuana patient who suffered from a debilitating medical condition.

36.     Mr. Curry uses medical marijuana to treat his debilitating medical conditions. By discharging Mr. Curry for using medical marijuana, MillerCoors discharged and discriminated against Mr. Curry for treating his medical conditions.

37.     Therefore, MillerCoors discriminatorily discharged Mr. Curry with regard to his disability.

## SECOND CLAIM

(Intrusion Upon Seclusion for the Improper Appropriation of Private Information)

38.     One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

39.     This claim focuses on the manner in which information that a person has kept private has been obtained. See Prosser, Privacy, 48 Cal. L.Rev. 383 (1960).

40.     MillerCoors forced Plaintiff to disclose his confidential status as a medical marijuana patient.

41.     The Colorado Constitution, Article XVIII section 14 provides that all information provided to the Colorado Medical Marijuana Registry shall remain confidential. This information includes an individual's status as a medical marijuana patient.

42.     The Colorado Constitution states that "[t]he state health agency shall create and maintain a confidential registry of patients who have applied for and are entitled to receive a registry identification card" and that "[n]o person shall be permitted to gain access to any information about patients in the state health agency's confidential

5

registry... except for authorized employees of the state health agency in the course of their official duties and authorized employees of state or local law enforcement agencies."

43.   C.R.S. 18-18-406.3 that provides in section (5) that "[a]ny person ... who releases or makes public... any confidential information contained in any such record that is provided to or by the marijuana registry of the department without the written authorization of the marijuana registry patient commits a class 1 misdemeanor."

44.   MillerCoors' medical marijuana disclosure policy purports to require MillerCoors to gain access to information about patients in the state health agency's confidential registry.

45.   MillerCoors is not an employee of the state health agency, nor an authorized employee of state or local law enforcement agencies.

46.   Health records are considered confidential, and information contained in such records cannot be released or disclosed without a patient's consent and authorization. *Doe v. High-Tech Inst., Inc.,* 972 P.2d 1060 (Colo.App. 1998) See *Division of Medical Quality v. Gherardini,* 93 Cal. App.3d 669, 156 Cal.Rptr. 55, (1979) (recognizing a right of privacy in one's medical records).

47.   There is a generally recognized privacy interest in one's own body. Personal information concerning a person's health may be obtained through one's blood, saliva, and other bodily products, such products cannot be extracted from a person or initially tested without either consent or proper authorization. *Doe,* 972 P.2d at 1068 See *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989).

48.   Invasion of privacy by intrusion does not depend upon any publicity, or communication to the public generally, nor does it require a physical intrusion. *Doe v. High-Tech Inst., Inc.,* 972 P.2d at 1068; Restatement (Second) of Torts § 652B cmt. a (1977).

49.   The gist of the tort is interference with an individual's solitude, seclusion, or private affairs and concerns. *Id.* cmt. b. The intrusion into the plaintiff's privacy requires intentional rather than merely reckless conduct. *Fire Ins. Exch. v. Sullivan,* 224 P.3d 348 (Colo.App. 2009), *cert. denied* (2010).

50.   MillerCoors intentionally interfered with Plaintiff's private affairs and concerns when it required him to disclose his private and confidential medical information.

51.     MillerCoors did not request that Plaintiff consent to waive his right to keep his medical marijuana status confidential.

52.     MillerCoors issued Plaintiff a written warning for not reporting his confidential medical marijuana status to the MillerCoors Medical Center.

53.     Furthermore, Plaintiff never consented to the first two mouth swab tests that were administered on March 3, 2011.

54.     The security officer who administered the mouth swab states in his incident report that "I advised Subject Curry the first test would be an i Screen oral fluid drug screen test, which seemed to upset Subject Curry very much. He was very defensive, sarcastic, and excited about the test."

55.     The Security officer's incident report thoroughly details all of the events preceding, during, and after Mr. Curry's drug test, the officer fails to state that Mr. Curry was asked for or gave consent for MillerCoors to collect saliva samples from his mouth.

56.     MillerCoors intentionally interfered with Mr. Curry's privacy when it took saliva samples from him without his consent.

57.     MillerCoors also intentionally interfered with Mr. Curry's privacy when it required Mr. Curry to disclose his confidential medical marijuana patient status.

## THIRD CLAIM

(Discriminatory or Unfair Employment Practice pursuant to C.R.S. § 24-34-402.5(1))

58.     C.R.S. § 24-34-402.5(1) states that "[i]t shall be a discriminatory or unfair employment practice for an employer to terminate the employment of *any* employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours unless such a restriction… relates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees, rather than to all employees of the employer." (emphasis added) "Any" means "all." *Kauntz v. HCA-Healthone, LLC*, 174 P.3d 813, 817 (Colo. App. 2007); *Gwin v. Chesrown Chevrolet*, 931 P.2d 466 (Colo.App. 1996) (affirming jury award under CRS § 24-34-402.5 for claim that defendant car dealership invaded employee's privacy rights by terminating him because of lawful activity he engaged in on his own time away from dealership)

59.     The Colorado Constitution creates an exception to Colorado's criminal marijuana laws, not just prosecution for violation of those laws. Colo. Consti. Art. 18 § 14(2)(b) states that "[e]ffective June 1, 1999, it shall be an *exception from the state's*

7

*criminal laws* for any patient... in lawful possession of a registry identification card to engage or assist in the medical use of marijuana." (emphasis added). See also, C.R.S. § 18-18-406.3 (referring to "exception" for medical marijuana patients.) Therefore, Colorado's criminal laws, with regard to marijuana, do not apply to a registered medical marijuana patient, thereby making the conduct legal.

60.    "Legalize" means "[t]o make lawful; to authorize or justify by legal sanction."*Beinor,* DD No.1 0948-2010 (2011) *quoting Black's Law Dictionary* 977 (9th ed. 2009); *accord Webster's Third New International Dictionary* 1290 (2002) (defining "legalize" to mean "to make legal: give legal validity or sanction to"). Accordingly, the medical marijuana amendment was intended not merely to create a defense to a charge of marijuana possession or use, but rather to make medical marijuana possession and use legal under the conditions identified in the amendment. *id.*

61.    Plaintiff never acquired, possessed, produced, used, or transported marijuana while working for MillerCoors.

62.    Plaintiff merely had residual non-active THC in his bloodstream.

63.    This residual non-active THC had no effect on Mr. Curry's attention, learning, or job performance.  Furthermore, Mr. Curry was never impaired by medical marijuana at any time during working hours while working for MillerCoors.

64.    The medical use of marijuana is legal under Colorado State law.  Under Colorado law, a person in possession of a medical marijuana registry card is immune from the state's criminal laws with regard to marijuana.

65.    Plaintiff was in possession of a medical marijuana registry card at the time of his discharge.  Therefore, under Colorado law, Plaintiff's use of marijuana was legal.

66.    MillerCoors discharged Plaintiff for engaging in this legal activity during non-working hours.

67.    MillerCoors' restriction was not related to a bona fide occupational qualification nor reasonably and rationally related to the employment activities of Mr. Curry.

**FOURTH CLAIM**
(Discriminatory or Unfair Employment Practice pursuant to C.R.S. § 24-34-401(1)(d))

68.    C.R.S. § 24-34-401(1)(d) states that "[i]t shall be a discriminatory or unfair employment practice [f]or any employer... to print or circulate... any statement, advertisement, or publication... or to make any inquiry in connection with... membership

8

that expresses, either directly or indirectly, any… specification… as to disability… or intent to make any such… specification… unless based upon a bona fide occupational qualification."

69.    MillerCoors' drug-free workplace policy makes an inquiry in connection with membership that expresses a specification as to disability, specifically membership as a medical marijuana patient.

70.    Medical marijuana patients, who incidentally may or may not follow their physicians' recommendation to use medical marijuana to treat debilitating medical conditions, are specified and required to perform actions that other employees are not required to perform.

71.    There is no bona fide occupational qualification requiring medical marijuana patients to disclose their patient status.

72.    In order for the Colorado Department of Public Health and Environment to issue a medical marijuana registry card to an applicant, the applicant must have a debilitating medical condition.

73.    Plaintiff is a registered medical marijuana patient.  Therefore, plaintiff has a debilitating medical condition.

74.    MillerCoors discriminated against Plaintiff by making an inquiry in connection with Plaintiff's membership as a medical marijuana patient that necessarily implicates Plaintiff's debilitating medical conditions.

## PRAYER FOR RELIEF AND JURY DEMAND

Wherefore, Plaintiff requests the Court allow Plaintiff's claims to be tried to a jury and to enter judgment in favor of Plaintiff, and against the Defendant, in an amount reasonably calculated to compensate Plaintiff for the loss of past and future earnings, for damages incurred and sustained by Plaintiff, for declaratory, punitive, and exemplary damages, for the interest allowed by law, for the costs and attorney fees of this action, and for all other just and proper relief.

Dated this 25th day of June, 2012          Respectfully submitted,

*(original signature on file)*
*/s/ Robert J. Corry, Jr.*

_____
Robert J. Corry, Jr.
Travis B. Simpson

| | |
|---|---|
| Denver District Court<br>Denver County, Colorado<br>Court Address: 1437 Bannock St., Rm. 256, Denver, CO 80202 | |
| **CURRY, PAUL**<br>**Plaintiff(s)**<br>v.<br><br>**MILLERCOORS INC**<br>**Defendant(s)** | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 27 2012 12:12PM MDT<br>Filing ID: 45045578<br>Review Clerk: Matthew Palmer<br>~~COURT USE ONLY~~<br><br>**Case Number: 12CV3960**<br>**Courtroom: 424** |

## DELAY REDUCTION ORDER

All civil courtrooms are on a delay reduction docket. To determine if your case is within the Colorado Civil Access Pilot Project ("CAPP") for Business Actions, refer to Appendix A of Chief Justice Directive 11-02, available at http://www.courts.state.co.us/Courts/Civil_Rules.cfm. All civil cases not within the CAPP for Business Actions are governed by **Part I** of this Delay Reduction Order. All civil cases that are within the CAPP for Business Actions are governed by **Part II** of this Delay Reduction Order.

### PART I

A. For all civil actions that are not within the CAPP for Business Actions the following deadlines must be met:

   1. <u>Service of Process</u>: Returns of Service on all defendants shall be filed within 56 days after the date of the filing of the complaint.

   2. <u>Default Judgment</u>: Application for default judgment shall be filed within 28 days after default has occurred.

   3. <u>Trial Setting</u>: Plaintiff shall serve a Notice to Set the case for trial and shall complete the setting of the trial within 28 days from the date the case becomes at issue. A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the court shall direct.

B. The court will consider extending these time periods upon timely filing of a motion showing good cause.

### PART II

A. Cases that come within the CAPP for Business Actions are governed by the Pilot Project Rules ("PPR"), available at: http://www.courts.state.co.us/Courts/Civil_Rules.cfm. A timetable is available on this same website for your reference.

B. General Overview of the Pilot Project Rules

   1. The rules shall be construed and administered to secure the just, timely, efficient, and cost-effective determination of this action.

   2. This action shall be addressed in ways designed to assure that the process and the costs are proportionate to the needs of the case

   3. The intent of the rules is to utilize pleadings to identify and narrow the disputed issues at the earliest stages of litigation and thereby focus discovery. Adherence to the rules, with their emphasis on early complete disclosures and frequent case management conferences, should continually inform the parties and the Court of the issues, claims, and defenses in the case, and obviate the need for ongoing amendments of the pleadings.

4.  The material facts pleaded should provide the "who, what, when, where, and how" of each element of a claim or defense.  This pleading standard applies equally to affirmative defenses.

5.  It is the purpose of the rules to replace the broad discovery currently allowed with proportionate discovery.  All facts are not necessarily subject to discovery.  The proportionality factors as stated in the rules will thus shape the process for the case.

C.  Deadlines that must be met by Plaintiff(s) are:

1.  Service of Process: Returns of Service on all defendants shall be filed within 35 days after the date of filing of the complaint.

2.  Initial Disclosures: Plaintiff(s) shall file PPR 3.1 initial disclosures concerning the claim(s) for relief with the Court no later than 21 days after service of the complaint.

3.  Default Judgment: Application for default judgment shall be filed within 35 days after default has occurred.

4.  Initial Case Management Conference:  Plaintiff(s) shall serve a Notice to Set the initial case management conference within 7 days after the last answer is filed.  This conference shall be held within 49 days after the last answer is filed (see PPR 7.1).

5.  Trial Setting: The trial shall be set at the Initial Case Management Conference.

## PART III

The following provisions apply to all civil cases– those within and those not within the CAPP for Business Actions:

A.  IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, SECTION 1-10, AND RULE 41(B)(2).

B.  Setting times for civil divisions in Denver District Court are Tuesday, Wednesday, and Thursday, from 10:00 am – 12:00 pm.

C.  Plaintiff shall send a copy of this order to all other parties who enter an appearance.

D.  Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available at http://www.courts.state.co.us/Courts/District/Index.cfm?District_ID=2 or in Room 256 of the City and County Building.

Date:   June 27, 2012                                      BY THE COURT:

                                                          /s/Kenneth M. Laff
                                                          District Court Judge
                                                          Denver District Court

cc:     Plaintiff(s) or Plaintiff(s) Counsel

 CT Corporation

**Service of Process Transmittal**
08/28/2012
CT Log Number 521124110

**TO:** Marcia Young
MillerCoors LLC
250 S. Wacker Drive, Suite 800
Chicago, IL 60606

**RE:** **Process Served In Colorado**

**FOR:** MillerCoors LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paul Curry, etc., Pltf. vs. MillerCoors, Inc., etc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Denver County District Court, CO<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on 03/14/2011 on the basis of disability |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/28/2012 at 12:40 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Robert J. Corry, Jr.<br>600 Seventeenth Street<br>Suite 2800<br>South Tower<br>Denver, CO 8022<br>303-634-2244 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/29/2012, Expected Purge Date: 09/03/2012<br>Image SOP<br>Email Notification, Marcia Young marcia.young@millercoors.com<br>Email Notification, Judy Chicantek Judy.chicantek@millercoors.com |
| **SIGNED:** | The Corporation Company |
| **PER:** | Joyce Romero |
| **ADDRESS:** | 1675 Broadway<br>Suite 1200<br>Denver, CO 80202 |
| **TELEPHONE:** | 303-629-2500 |

Page 1 of 1 / RC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DISTRICT COURT, CITY AND COUNTY OF DENVER,
STATE OF COLORADO
1437 Bannock Street
Denver, CO 80202

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Aug 27 2012 03:10PM MDT
Filing ID: 46120803
Review Clerk: Kathleen J Kelley

Plaintiff(s):  PAUL CLURRY,

Defendant(s): MILLERCOORS, INC.

COURT USE ONLY

CASE NO: 12CV3960

COURTROOM:  424

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*.

The Plaintiff is hereby ordered to show cause in *writing,* within thirty-five (35) days of the date of this Order, as to why this case should not be dismissed without prejudice for failure to comply with the Court's Delay Reduction Order, i.e., failure to set this case for trial and/or for failure to prosecute this case **(failure to serve Defendant)**. *See* C.R.C.P. 41(b)(2); C.R.C.P. 121, § 1-10.  If Plaintiff fails to comply with this Order, the Court will dismiss this case without prejudice and **without further notice.**

Dated this 27th day of August, 2012.

BY THE COURT:

Kenneth M. Laff
Denver District Judge

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>**PAUL CURRY, an individual,**<br>**Plaintiff,**<br><br>v.<br><br>**ROCKY MOUNTAIN BOTTLING COMPANY, a corporation, MILLERCOORS, INC, a corporation, Defendants.** | |
| | ☐   **COURT USE ONLY**   ☐ |
| Attorneys for Plaintiffs:<br>Robert J. Corry, Jr. #32705<br>Travis B. Simpson #43858<br>600 Seventeenth Street<br>Suite 2800 South Tower<br>Denver, Colorado 80202<br>303-634-2244 telephone<br>720-420-9084 facsimile<br>Robert.Corry@comcast.net<br>Travis@RobCorry.com | Case Number: 12CV3960<br><br>Courtroom: 424 |

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Paul Curry, through undersigned counsel, hereby respectfully requests that the Court not dismiss the above-captioned case, and as grounds states as follows;

1.

Plaintiff filed the Complaint and Summons in the above-captioned case with the Court on June 26, 2012.

2.

On July 3, 2012, Plaintiff's counsel provided a copy of the Verified Complaint and Summons to another client whom Plaintiff's counsel represents *pro bono*. This client had represented to Plaintiff's counsel that he would serve the Defendants in the above-captioned case

with the Complaint and Summons within fifty-six (56) days from June 26, 2012 as set forth in the Court's Delay Reduction Order.

3.

The *pro bono* client that was supposed to have served Defendants with the Complaint and Summons has since failed to appear for several court appearances and Plaintiff's counsel has not been able to reach this client.

4.

Upon receiving the Court's Order to Show Cause and realizing that Defendants had not been served with the Complaint and Summons, Plaintiff's counsel immediately served Defendants with the Complaint and Summons. (Please see the attached Return of Service).

5.

Service upon Defendants was not so late as to cause Defendants any prejudice. Furthermore, the Court's Order specifies that the Court would dismiss this case without prejudice, thereby giving Plaintiff the opportunity to re-file his Complaint against Defendants. Plaintiff intends to re-file his Complaint if this case is dismissed without prejudice, and this re-filing would expend more judicial resources than if the Court allowed the above-captioned case to proceed.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court not dismiss the above-captioned case, and for all other just and proper relief.

Dated this 28th day of August, 2012          Respectfully submitted,

*/s/ Travis B. Simpson*
Travis B. Simpson



## CERTIFICATE OF SERVICE

Above designated counsel certifies that on August 28, 2012 a true copy of the above RESPONSE TO ORDER TO SHOW CAUSE, with attachments, was served on all parties by delivery through the Lexis Nexis File & Serve system:

By:   */s/ Travis B. Simpson*
      Travis B. Simpson
      (Original Signature on File)

Pursuant to C.R.C.P. § 121 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available, upon request, for inspection by other parties or the Court.

RETURN OF SERVICE

Form G8971 v.0.11

XXX 000952 00000000 006 007 00166 INS: 0 0

Paul Curry v. MillerCoors, Denver District Court No. 12CV3960

## RETURN OF SERVICE

Denver County, Colorado

I, Travis Simpson, certify that on this 28 day of August, 2012,

I served this summons by hand delivering to: Lori Gray

Travis Simpson
Process Server Signature/Printed Name

600 17th St. Suite 2800 Denver, CO 80202
Address and Telephone of Process Server

STATE OF COLORADO      )
                                      ) ss.
COUNTY OF Denver        )

Subscribed and sworn to before me this 28th day of August, 2012,
by Autumn Leon Guerrero

My Commission expires: July 9, 2016

(SEAL)

AUTUMN LEON GUERRERO
COMMISSION # 20124043754
STATE OF COLORADO
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 9, 2016

Notary Public

1740 Broadway Denver CO 80274
Address

## WAIVER OF SERVICE

I, _____ (witness name) hereby waive personal service of the attached
Subpoena and agree to comply.

_____
(Name of Witness)



Simpson, Travis B - CO#43858
Corry, Robert J Jr
600 17th St Ste 2800
Denver, CO 80202



\*46138813\$12924030+11\*

0013244 0414966:1    XXX 000947 00000000 001 007 00166 INS: 0 0

MILLERCOORS INC
1675 Broadway Suite 1200
Denver, CO 80202

```
To:       MILLERCOORS INC
From:     Simpson, Travis B - CO#43858
Subject:  Service of Documents in CURRY, PAUL vs. MILLERCOORS INC

You are being served documents that have been electronically submitted in CURRY, PAUL vs. MILLERCOORS INC
through LexisNexis File & Serve. The details for this transaction are listed below.

Court:                   CO Denver County District Court 2nd JD
Case Name:               CURRY, PAUL vs. MILLERCOORS INC
Case Number:             2012CV3960
Transaction ID:          46138813
Document Title(s):
RESPONSE TO ORDER TO SHOW CAUSE (3 pages)
RETURN OF SERVICE (1 page)
Authorized Date/Time:    Aug 28 2012 12:16PM MDT
Authorizer:              Travis B Simpson
Authorizer's Organization: Corry, Robert J Jr
Sending Parties:
    CURRY, PAUL
Served Parties:
    MILLERCOORS INC
```

Form G8971 v.0.11

RESPONSE TO ORDER TO

XXX 000948 00000000 002 007 00166 INS: 0 0

 CT Corporation

**Service of Process Transmittal**
09/04/2012
CT Log Number 521160001

TO:    Marcia Young
       MillerCoors LLC
       250 S. Wacker Drive, Suite 800
       Chicago, IL 60606

RE:    **Process Served in Colorado**

FOR:   MillerCoors LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paul Curry, etc., Pltf. vs. Rocky Mountain Bottling Company, etc., and MillerCoors, Inc., etc., Dfts.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Response, Certificate of Service, Return(s) |
| **COURT/AGENCY:** | Denver County District Court, CO<br>Case # 12CV3960 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Response to Order to Show Cause |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 09/04/2012 postmarked on 08/29/2012 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Travis B. Simpson<br>600 Seventeenth Street<br>Suite 2800<br>South Tower<br>Denver, CO 80202<br>303-634-2244 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/04/2012, Expected Purge Date: 09/09/2012<br>Image SOP<br>Email Notification, Marcia Young marcia.young@millercoors.com<br>Email Notification, Judy Chicantek Judy.chicantek@millercoors.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | The Corporation Company<br>Joyce Romero<br>1675 Broadway<br>Suite 1200<br>Denver, CO 80202<br>303-629-2500 |

Page 1 of  2 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
09/04/2012
CT Log Number 521160001

**TO:**   Marcia Young
MillerCoors LLC
250 S. Wacker Drive, Suite 800
Chicago, IL 60606

**RE:**   **Process Served in Colorado**

**FOR:**   MillerCoors LLC (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint | By Process Server on 08/28/2012 at 12:40 | Marcia Young MillerCoors LLC | 521124110 |

Page 2 of 2 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**APPROVED**

Movant shall serve copies of this ORDER on any pro se parties, pursuant to CRCP 5, and file a certificate of service with the Court within 10 days.

Dated: Sep 04 2012 12:09PM

*Kenneth M. Laff*

~~Kenneth M. Laff~~
**District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT
EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Sep 04 2012 10:10AM MDT
Filing ID: 46234053
Review Clerk: Kathleen J Kelley

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>PAUL CURRY, an individual,<br>Plaintiff,<br><br>v.<br><br>ROCKY MOUNTAIN BOTTLING COMPANY, a corporation, MILLERCOORS, INC, a corporation, Defendants.<br><br>Attorneys for Plaintiffs:<br>Robert J. Corry, Jr. #32705<br>Travis B. Simpson #43858<br>600 Seventeenth Street<br>Suite 2800 South Tower<br>Denver, Colorado 80202<br>303-634-2244 telephone<br>720-420-9084 facsimile<br>Robert.Corry@comcast.net<br>Travis@RobCorry.com | ☐  **COURT USE ONLY**  ☐<br><br>Case Number: 12CV3960<br><br>Courtroom: 424 |

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Paul Curry, through undersigned counsel, hereby respectfully requests that the Court not dismiss the above-captioned case, and as grounds states as follows;

1.

Plaintiff filed the Complaint and Summons in the above-captioned case with the Court on June 26, 2012.

2.

On July 3, 2012, Plaintiff's counsel provided a copy of the Verified Complaint and Summons to another client whom Plaintiff's counsel represents *pro bono*. This client had represented to Plaintiff's counsel that he would serve the Defendants in the above-captioned case

with the Complaint and Summons within fifty-six (56) days from June 26, 2012 as set forth in the Court's Delay Reduction Order.

3.

The *pro bono* client that was supposed to have served Defendants with the Complaint and Summons has since failed to appear for several court appearances and Plaintiff's counsel has not been able to reach this client.

4.

Upon receiving the Court's Order to Show Cause and realizing that Defendants had not been served with the Complaint and Summons, Plaintiff's counsel immediately served Defendants with the Complaint and Summons. (Please see the attached Return of Service).

5.

Service upon Defendants was not so late as to cause Defendants any prejudice. Furthermore, the Court's Order specifies that the Court would dismiss this case without prejudice, thereby giving Plaintiff the opportunity to re-file his Complaint against Defendants. Plaintiff intends to re-file his Complaint if this case is dismissed without prejudice, and this re-filing would expend more judicial resources than if the Court allowed the above-captioned case to proceed.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court not dismiss the above-captioned case, and for all other just and proper relief.

Dated this 28th day of August, 2012          Respectfully submitted,

*/s/ Travis B. Simpson*
Travis B. Simpson

**CERTIFICATE OF SERVICE**

Above designated counsel certifies that on August 28, 2012 a true copy of the above RESPONSE TO ORDER TO SHOW CAUSE, with attachments, was served on all parties by delivery through the Lexis Nexis File & Serve system:


By:     */s/ Travis B. Simpson*
        Travis B. Simpson
        (Original Signature on File)


Pursuant to C.R.C.P. § 121 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available, upon request, for inspection by other parties or the Court.

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|---|---|
| **Court:** | CO Denver County District Court 2nd JD |
| **Judge:** | Kenneth M Laff |
| **File & Serve Transaction ID:** | 46138813 |
| **Current Date:** | Sep 04, 2012 |
| **Case Number:** | 2012CV3960 |
| **Case Name:** | CURRY, PAUL vs. MILLERCOORS INC |
| **Court Authorizer:** | Laff, Kenneth M |

**Court Authorizer Comments:**

Show Cause order is discharged.

/s/ Judge Laff, Kenneth M