# EXHIBIT B

Colorado Civil Rights Division
SEP 9 - 2011
Denver, Colorado

# CHARGE OF DISCRIMINATION

The Privacy Act of 1974 affects this form.
See Privacy Act Statement before completing this form.

EEOC Charge Number: E20120093

## COLORADO CIVIL RIGHTS DIVISION AND EEOC

| Name (Charging Party) | | (Area Code) Telephone |
|---|---|---|
| Paul Curry | | (303) 288-3601 |
| Street Address | City, State, and Zip Code | County |
| [redacted] | | ADAMS |

The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is:

| Name (Respondent) | Number of Employees | (Area Code) Telephone |
|---|---|---|
| Miller Coors LLC | 5000 | (303) 425-7807 |
| Street Address | City, State, and Zip Code | County |
| 10619 West 50th Avenue | WHEAT RIDGE, CO 80033 | JEFFERSON |

Discrimination Based On: Disability: Physical

Date Most Recent Discrimination Occurred: March 14, 2011

I. **Jurisdiction:** The Colorado Civil Rights Commission has jurisdiction over the subject matter of this charge; that each named Respondent is subject to the jurisdiction of the Colorado Civil Rights Commission and is covered by the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, *et. seq.*), as reenacted.

II. **Personal Harm:** That on or about March 14, 2011, I was discharged from the position of Maintenance Mechanic because of my actual/perceived disability, Hepatitis C, back injury, and Arthritis.

III. **Respondent's Position:** I was terminated for violating the workplace drug policy.

IV. **Discrimination Statement:** I believe I was unlawfully discriminated against because: of my actual/perceived disability in violation of the Colorado Anti-Discrimination Act (CADA). 1) I began my employment with the Respondent in 2004 and at all times performed satisfactorily. 2) In early 2009, I suffered a work-related injury to my back. Based on recommendation from my physician, I used medical marijuana as part of my treatment. 3) On or about March 3, 2011, I was "involved" in a work-related accident resulting in me undergoing a drug screen. At that time, I disclosed my use of medical marijuana. 4) On or about March 7, 2011, I was reprimanded for failing to disclose my status as a medical marijuana patient. 5) On or about March 10, 2011, the test results showed positive for marijuana and I was subsequently terminated on March 14, 2011. 6) At no time did I ever use medical marijuana while at work or on company property.

V. **WHEREFORE**, the Charging Party prays that the Colorado Civil Rights Commission cause said Respondent(s) to cease and desist from the unfair and discriminatory practices set forth above; to order back pay, reinstatement, reinstatement of benefits and all other benefits to which I may be entitled; to provide assurance against retaliation; and to grant such other and further relief as may exist within the Commission's power and which the Commission may deem necessary and proper.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local Agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

F-67, Charge Form

I declare under penalty of perjury that the foregoing is true and correct.

Date 09/09/2011    Charging Party/Complainant (Signature) [signature]

Colorado Civil Rights Division

SEP 9 - 2011

Denver, Colorado

F-67, Charge Form

## Form II: Statement of Discrimination
Colorado Civil Rights Division

www.dora.state.co.us/civil-rights

Instructions: Draft a statement chronologically (timeline of events with dates) detailing the incidents that provide the basis for your complaint of civil rights discrimination. If you require additional sheets of paper, you may attach them to this form. You may also provide a sworn affidavit or other signed statement in lieu of completing the form below. Your statement must be signed and dated and you may choose to have it notarized.

For each incident, provide the following information:

   a) Full Name and Job Title of the individuals involved;
   b) Date (including month, day and year); and,
   c) Why you think the incident or action taken was discriminatory (e.g. "This incident shows that I was fired because of my age").

Additionally, answer the following questions completely and honestly, if relevant:

   1) Did you ever complain of discriminatory treatment? If yes, to whom and when. What was done, if anything?
   2) Was anyone treated more favorably than you? Who? Provide information related to their protected classes (e.g. if you are alleging race discrimination, what is the person's race? If age discrimination, what was the person's age?)
   3) Did the employer give you any reason for any adverse action? What was it? Were you ever written up or given negative performance reviews? This information will be requested by the Division and thus should be disclosed by you.
   4) Provide detailed information on why you believe that you have been discriminated against. For example, if you indicated race and age discrimination as well as retaliation on the Employment Intake Questionnaire, you must explain in your statement why you did so. Provide an explanation for each selection that you made in the Employment Intake Questionnaire.

Response:

Please see attached affidavit

13

Response, continued:

_____

**Signature [Form II: Statement of Discrimination]**

Signature: _____  Date 9/7/2011
Charging Party

**IMPORTANT NOTICE:** Submittal of these forms DOES NOT constitute filing a claim. Several additional steps must be taken and thus it is vital that you submit this initial documentation well before the deadline required by law.

## Statement of Discrimination

I began working for MillerCoors on May 4, 2004.

On March 31, 2009, I injured my lower back at work for MillerCoors while torqueing Flexco buckles with a ½ inch drill. I was originally prescribed Celebrex and Vicodin for this injury, but found medical marijuana to be a much more effective treatment with milder side effects. I use medical marijuana only occasionally to treat this condition, such as when my back spasms or the pain prevents me from falling asleep.

In January of 2011, MillerCoors held a town hall meeting, at which the issue of medical marijuana was discussed. It was MillerCoors' position that medical marijuana patients were not prohibited from working for MillerCoors. I was told at this town hall meeting that medical marijuana patients would only be required to fill out a form disclosing their medical marijuana patient status to MillerCoors. I was never provided with one of these disclosure forms, and it was my understanding that the forms had not been generated at the time I was discharged for my status as a medical marijuana patient.

On January 13, 2011, MillerCoors issued a revision of its Drug-Free workplace policy. This revision included a provision addressing medical marijuana patients and their use of medical marijuana on MillerCoors' property. The Drug-Free workplace policy states that "use of medical marijuana at work or on Company property, or being impaired on the job due to use of medical marijuana, is also prohibited." However, this provision, as well as my

understanding from the town-hall meeting, was that medical marijuana patients were allowed to remain employed by MillerCoors, so long as they did not medicate at work. *At no point in my career at MillerCoors did I ever medicate at work, on company property, or come to work while impaired by medical marijuana or any other substance.*

On February 16, 2011, while on vacation, I suffered a back spasm and took medical marijuana to alleviate the symptoms. I used medical marijuana from February 16, 2011 through February 18, 2011. I did not use medical marijuana again until after I was terminated on March 14, 2011.

On March 3, 2011, I was told by Carroll Hessel to help an independently contracted crane operator move a piece of machinery. When I arrived to help, I realized that the crane operator was moving the machinery improperly. I tried to get the crane operator to stop, but the machinery was damaged before I could prevent the accident. While I did not cause the accident and was unable to prevent the accident from occurring, I was "involved" in the incident. Therefore, I had to undergo a drug-screen. I voluntarily submitted to this drug screen on two separate occasions on March 3, 2011. I disclosed on both occasions that I was a medical marijuana patient. However, both screens came back "invalid."

On March 4, 2011, I voluntarily went to the MillerCoors Medical Center and met with Dr. Smaldone who administered another drug screen. I again disclosed that I was a medical marijuana patient.

On March 7, 2011, I received an initial written warning regarding my disclosure of my status as a medical marijuana patient on March 3, 2011. Without any test results showing the presence of medical marijuana in my system, I was reprimanded for not disclosing my status as a medical marijuana patient prior to March 3, 2011. I had not disclosed my status because I was still waiting for the disclosure form. MillerCoors' position that I should have disclosed my status when it was impossible to do so due to the lack of the disclosure form that I had been promised shows the discrimination against me for my status as a medical marijuana patient.

On March 10, 2011, the test results from my March 4, 2011 drug-screen came back positive for marijuana. This result did not specify whether the THC found in my system was active or merely residual from my use of medical marijuana on February 18, 2011.

On March 14, 2011, I was terminated for my apparent violation of MillerCoors' Drug-Free workplace policy. However, nowhere in my notice of termination does it refer to my status as a medical marijuana patient, even though my status was disclosed (and I was reprimanded for my status) on March 7, 2011.

The two portions of the Drug-Free workplace policy relevant to my termination refer to prescription medications and medical marijuana. As for prescription medications, the Drug-Free workplace policy states that "when an employee is using a prescription drug as directed by the employee's physician, but the drug carries a warning that could impact the employee's ability to perform job

duties (e.g. may cause drowsiness while operating an automobile or machinery or equipment), the employee must report this to Health Services or Human Resources, and approval to work may be withheld if it is determined that the situation presents a safety risk to the employee or others." First, medical marijuana is not prescribed, but rather recommended. Second, medical marijuana does not carry warnings regarding its impact on job performance ability. I was not taking any prescription drugs on March 3, 2011. Therefore, this provision is not applicable to the facts of my termination.

As for medical marijuana, the Drug-Free workplace policy states that "use of medical marijuana at work or on Company property, or being impaired on the job due to use of medical marijuana, is also prohibited." There is no written provision requiring the disclosure of medical marijuana patient status like there is for prescription drugs. I have never used medical marijuana at work or on company property. Furthermore, I have never been impaired on the job due to use of medical marijuana. While the third drug-screen, administered a full day after the incident, registered positive for THC, this was not active THC. Furthermore, had the first two initial drug-screens worked properly, no active THC would have been found in my system because the last time I medicated prior to March 3, 2011 was on February 18, 2011.

MillerCoors discriminated against me because of my status as a medical marijuana patient. I was written up on March 7, 2011 for not disclosing my status as a medical marijuana patient, even though the appropriate disclosure form was

never provided to me and the written policy does not require disclosure of medical marijuana patient status. Furthermore, even though I was officially terminated for "violating the Drug-Free workplace policy," MillerCoors was aware of my status as a medical marijuana patient and, at no point, did I ever violate the written policy regarding medical marijuana or prescription drugs. Therefore, MillerCoors discriminated against me by firing me for being a medical marijuana patient.

Paul R. Curry

Date: 9/7/2011