**EXHIBIT D**

2012 COA 24

The People of the State of Colorado, Plaintiff-Appellant,

v.

Leonard Charles Watkins, Defendant-Appellee.

No. 10CA0579

Court of Appeals of Colorado, Fifth Division

February 2, 2012

Arapahoe County District Court No. 05CR3105 Honorable Carlos A. Samour, Jr., Judge

Carol Chambers, District Attorney, David C. Jones, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff-Appellant

Law Office of George Yingling, George L. Yingling, III, Denver, Colorado, for Defendant-Appellee

**OPINION**

KAPELKE, JUDGE. [*]

¶1 The People appeal the trial court's order denying a motion for reconsideration of a previous order approving the use of marijuana for medical purposes by defendant, Leonard Charles Watkins, a probationer. We consider two issues pertaining to the merits of the order. First, does the statutorily mandated condition of probation requiring a probationer not to "commit another offense" while on probation include commission of offenses under federal law? We conclude that it does. Second, does article XVIII, section 14 of the Colorado Constitution (the Medical Use of Marijuana Amendment or the Amendment) permit a court to enter a probation order that would have the effect of exempting a probationer who obtains a registry identification card from complying with federal criminal statutes outlawing possession and use of marijuana for purposes of the mandatory probation condition? We conclude that it does not. Therefore, we vacate the order and remand.

I. Background

¶2 Pursuant to a plea agreement, defendant pled guilty to a class 3 felony in exchange for the dismissal of the remaining charges in two cases. The trial court sentenced defendant to probation for six years. As relevant here, the written conditions of defendant's probation, to which he expressly agreed, include provisions that (1) he "will not violate any laws"; (2) he "will not use or possess any narcotic, dangerous or abusable substance without a prescription"; (3) drug and alcohol evaluation and treatment would be left to the discretion of the probation department; and (4) he "shall not purchase, possess or utilize any mind altering or consciousness altering substance without a written lawful prescription." Neither the plea agreement nor the written conditions of probation expressly address the use of marijuana for medical purposes.

¶3 The record does not indicate that drug use or possession was involved in the underlying charges that gave rise to defendant's felony conviction. Further, the People have not disputed defendant's eligibility for a registry identification card for his chronic medical condition.

¶4 Five months after defendant was sentenced, his probation officer filed with the court a "Special Report and Order, " which stated that "defendant has acquired a certificate from the State of Colorado for the medical use of marijuana" and requested "further direction from the court." The Special Report and Order included two boxes for the court to indicate whether the request was approved or not approved. Without holding a hearing, the court checked the "approved" box and signed the order.

¶5 The People assert, and defendant does not dispute, that they first received notice of the Special Report and Order eight months after the court entered the order.

¶6 The People filed a motion to reconsider the order approving defendant's use of marijuana for medical purposes. In the motion, the People argued that, because possession or use of marijuana &ndash; even for medical purposes &ndash; is a *federal* offense, the trial court's order approving such use conflicted with the probation condition mandated by section 18-1.3-204(1), C.R.S. 2011. That provision states, in relevant part: "The court shall provide as [an] explicit condition [] of every sentence to probation that the defendant not commit another offense during the period for which the sentence remains subject to revocation...."

¶7 The court issued an extensive written order denying the People's motion to reconsider.

¶8 Whether the trial court erred in allowing a probationer to use marijuana for medical purposes, as expressly allowed by the Colorado Constitution but prohibited by federal criminal statutes, is an issue of first impression in Colorado. We conclude that the trial court erred in approving such use by defendant.

II. Jurisdiction

¶9 At oral arguments we directed the parties to file

supplemental briefs addressing whether the order appealed from is one that we have jurisdiction to consider. After reviewing the parties' briefs and the relevant legal authority, we conclude that we have jurisdiction.

¶10 As relevant here, section 18-1.3-104(1)(a), C.R.S. 2011, provides: "The granting or denial of probation and the conditions of probation including the length of probation shall not be subject to appellate review unless probation is granted contrary to the provisions of this title."

¶11 Thus, where a condition of probation is alleged to be contrary to title 18 of the Colorado Revised Statutes, we have jurisdiction to consider the appeal. *See People v. Cera*, 673 P.2d 807, 808 (Colo.App. 1983); *see also People v. Brockelman*, 933 P.2d 1315, 1318 (Colo. 1997) (a probationer may challenge terms of probation that are not within the statutory authority of the court).

¶12 Here, the People contend that the court order permitting defendant to use marijuana for medical purposes constitutes an illegal sentence because section 18-1.3-204(1) requires that every probation sentence expressly include the condition that the defendant "not commit another offense during the period for which the sentence remains subject to revocation." According to the People, because the use of marijuana violates *federal* law, a court may not permit a probationer to use marijuana, even for medical purposes.

¶13 We conclude that the People's allegations are sufficient to invoke our jurisdiction under section 18-1.3-104(1)(a) and C.A.R. 1(a)(1). *Cf. People v. White*, 179 P.3d 58, 61 (Colo.App. 2007) (the People may challenge an allegedly illegal sentence under Crim. P. 35(a)).

¶14 This case is distinguishable from *People v. Guatney*, 214 P.3d 1049 (Colo. 2009), and *Lewis v. People*, 214 P.3d 1059 (Colo. 2009), in which the supreme court held that the People may not appeal a trial court's discretionary decision not to revoke probation. The court's order here does not involve the revocation of probation, and instead constitutes an action expressly appealable under section 18-1.3-104(1)(a).

III. The Mandatory Probation Condition of Section 18-1.3-204(1) That a Probationer Not Commit Any Offense Includes Federal Offenses

¶15 "Probation is a statutory creation and the terms of probation must be derived from the applicable statute." *Brockelman*, 933 P.2d at 1318. Section 18-1.3-204(1) identifies mandatory and discretionary conditions for probation. That section states that the "conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life and to assist the defendant in doing so." As discussed, the section goes on to provide that "the court *shall* provide as [an] explicit condition[] of every sentence to probation that the defendant not commit another offense during the period for which the sentence remains subject to revocation." (Emphasis added.)

¶16 A threshold issue here is whether the possession or use of marijuana for medical purposes is an "offense" within the meaning of section 18-1.3-204(1) where such possession or use constitutes an offense under federal law. The Colorado statute itself does not define the term.

¶17 Statutory interpretation presents a question of law, which we review de novo. *Dubois v. People*, 211 P.3d 41, 43 (Colo. 2009). When construing a statute, we strive to ascertain and give effect to the intent of the legislature. *Id.* "If the language in the statute is clear and the intent of the [legislature] may be discerned with reasonable certainty, it is not necessary to resort to other rules of statutory interpretation." *Id.* (quoting *McKinney v. Kautzky*, 801 P.2d 508, 509 (Colo. 1990)).

¶18 In *People v. Slayton*, 878 P.2d 106 (Colo.App. 1994), a division of this court considered whether the trial court erred in revoking the defendant's deferred judgment and sentence for violating a municipal ordinance. The issue was whether the violation of a municipal code would constitute an "offense" under section 18-1.3-204(1) and under the parties' stipulation based on that provision. In urging that such a violation would not constitute an offense for that purpose, the defendant relied on the definition set forth in section 18-1-104(1), C.R.S. 2011, which provides that the term "offense" means "a violation of, or conduct defined by, any *state statute* for which a fine or imprisonment may be imposed." (Emphasis added.)

¶19 The division concluded that the quoted definition was not controlling. It reasoned that "both probation and deferred sentencing are premised on a defendant's leading a law-abiding life and that, within that context, an 'offense' would include *any violation of a statute or ordinance for which confinement is authorized as a penalty.*" *Slayton*, 878 P.2d at 107 (emphasis added); *see also* § 18-1.3-204(1) ("conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life"). The division thus affirmed the revocation order based on the municipal code violation.

¶20 Federal law makes it unlawful for any person to knowingly or intentionally possess marijuana. 21 U.S.C. § 844(a). Any person who violates prohibition may be sentenced to prison for not more than one year. *See id.* (defining possession of a controlled substance as a federal crime subject to imprisonment of not more than one year); 21 U.S.C. § 812(b)(1), (c)(Sched. I)(c)(10) (defining marijuana as a Schedule I controlled

substance); 21 U.S.C. §829(e)(2)(A) (establishing conditions for the lawful prescription of drugs); *see also Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (holding that, under federal statutes, marijuana has no acceptable medical uses and cannot be lawfully prescribed).

¶21 In light of the holding in *Slayton*, the recognized purpose of section 18-1.3-204(1), and the fact that the federal statutes prohibiting possession or use of marijuana (even for medical purposes) authorize punishment by confinement, we conclude that defendant's federally prohibited use of medical marijuana would constitute an "offense" within the meaning of section 18-1.3-104(1). *See* § 18-1-103(1), C.R.S. 2011 (provisions of title 18 "govern the construction of and punishment for" any state offense "unless the context otherwise requires").

IV. The Medical Use of Marijuana Amendment Does Not Create an Exception to Section 18-1.3-204(1)

¶22 Defendant contends that, to the extent section 18-1.3-204(1) prohibits violations of federal laws criminalizing possession and use of marijuana, it conflicts with the Medical Use of Marijuana Amendment, and that the Amendment is paramount and necessarily prevails. We are not persuaded.

¶23 The Amendment provides that it shall be an exception from the state's criminal laws for any patient in lawful possession of a "registry identification card" to use marijuana for medical purposes. Colo. Const. art. XVIII, § 14(2)(b). While possession of marijuana remains a criminal offense in Colorado, § 18-18-406(1), C.R.S. 2011, a patient's medical use of marijuana within the limits set forth in the Amendment is deemed "lawful" under subsection (4)(a) of the Amendment. Colo. Const. art. XVIII, § 14(4)(a).

¶24 Under the Amendment, however, a physician does not prescribe marijuana, but may only provide "written documentation" stating that the patient has a debilitating medical condition and might benefit from the medical use of marijuana. Colo. Const. art. XVIII, § 14(2)(c)(II); *Beinor v. Indus. Claim Appeals Office*, 262 P.3d 970, 973 (Colo.App. 2011) ("a physician's inability to prescribe marijuana under Colorado law is reflected in the very physician certification" which specifies that '[t]his assessment is *not* a prescription for the use of marijuana'"). Therefore, defendant's physician's certification does not constitute a "written lawful prescription" as required by the terms of his probation.

¶25 As a division of this court recognized in *Beinor*, the Amendment created a defense to criminal prosecution and is not a "grant to medical marijuana users of an unlimited constitutional right to use the drug in any place or any manner." *Beinor*, 262 P.3d at 976. In *Beinor*, the division concluded that an employee could be denied unemployment benefits for testing positive for marijuana in violation of the employer's zero-tolerance policy, even if the marijuana use had been a permitted medical use under the Amendment.

¶26 Probation revocation is not a criminal prosecution. Rather, it is an administrative proceeding which affirms the original sentence and requires the defendant to serve it while in custody. *People v. Harper*, 111 P.3d 482, 486 (Colo.App. 2004); *People v. Gallegos*, 914 P.2d 449, 451 (Colo.App. 1995). Therefore, the Amendment's defense to criminal prosecution is not applicable in the context of probation revocation.

¶27 Further, even if we were to agree with defendant that the Amendment gives him a general constitutional right to use marijuana for medical purposes, we would conclude that such use may be curtailed by section 18-1.3-204(1).

¶28 Under Colorado law, "[p]robation is a privilege, not a right." *Byrd v. People*, 58 P.3d 50, 55 (Colo. 2002). Accordingly, Colorado appellate decisions have upheld various statutory and discretionary probation conditions that curtail even constitutional rights of probationers under certain circumstances. *See, e.g., Brockelman*, 933 P.2d at 1318 (upholding geographic restriction condition of defendant's probation); *People v. Samuels*, 228 P.3d 229, 238 (Colo.App. 2009) (holding that a probation officer's reasonable suspicion that the defendant had violated his probation conditions was sufficient to justify a search, and rejecting contention that a warrant or showing of probable cause was required); *People v. Forsythe*, 43 P.3d 652, 655 (Colo.App. 2001) (upholding restriction that defendant have only supervised contact with her children during probation); *People v. Bolt*, 984 P.2d 1181, 1183 (Colo.App. 1999) (upholding restriction as to persons with whom defendant could have contact and rejecting constitutional freedom of association contention, where conditions were reasonably related to the purposes of the probation). As the United States Supreme Court said in *United States v. Knights*, 534 U.S. 112 (2001),

[P]robationers "do not enjoy 'the absolute liberty to which every citizen is entitled.'" Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

*Id.* at 119 (citation omitted) (quoting in part *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987).

¶29 In light of the purposes of probation, one of which is to "ensure that the defendant will lead a law-abiding life, " the prohibition in section 18-1.3-204(1) is a reasonable restriction on defendant's freedom, even to the extent that it prohibits violations of federal law. Thus, we conclude that defendant's alleged constitutional right to use medical marijuana may be

curtailed during the term of his probationary sentence.

¶30 We are not persuaded otherwise by the out-of-state authority relied upon by defendant and the trial court.

¶31 In *People v. Tilehkooh*, 113 Cal.App.4th 1433, 1447, 7 Cal.Rptr.3d 226, 236 (2003), a division of the California Court of Appeal held that the defendant was entitled to assert California's medical marijuana use statute as a defense against the revocation of his probation. There, the defendant's probation was revoked based on his possession and use of marijuana in violation of both California and federal statutes. The *Tilehkooh* court rejected the prosecution's argument that the defendant did not satisfy the medical necessity defense under California law and that he was required to comply with federal drug laws. The court reasoned that since "the state does not punish a violation of the federal law 'as such, ' it can only reach conduct subject to the federal criminal law by incorporating the conduct into the state law." *Id.* at 1446, 7 Cal.Rptr.3d at 235. Accordingly, the court held that the prosecution could not revoke the defendant's probation for conduct it could not punish under the state's criminal laws. *Id.*, 7 Cal.Rptr.3d at 236.

¶32 In *City of Garden Grove v. Superior Court*, 157 Cal.App.4th 355, 380, 68 Cal.Rptr.3d 656, 673 (2007), another division of that court addressed whether an individual who used marijuana for medical purposes was entitled to have the marijuana seized from him returned, given that possession charges against him had been dropped. The court adopted the reasoning in *Tilehkooh* in holding that, under California law, the state could not destroy the marijuana as a sanction for the defendant's violation of federal law. *Id.* at 378, 68 Cal.Rptr.3d at 671. The court did not address probation.

¶33 We disagree with the court's reasoning in *Tilehkooh*, which, in any event, relied on statutory language significantly different from that at issue here. Contrary to that court's conclusion, in revoking probation based on a violation of federal law, a court is not enforcing federal law through a state statute. *See Tilehkooh*, 113 Cal.App.4th at 1445-46, 7 Cal.Rptr.3d at 235. Nor does a court thereby punish a defendant for a violation of state laws prohibiting the possession or use of marijuana. *Id.* at 1446, 7 Cal.Rptr.3d at 236. Rather, the court enforces a provision of state law requiring that the probationer lead a "law-abiding life" by not committing any offense. *See Harper*, 111 P.3d at 486 (probation revocation is an administrative proceeding that does not punish a defendant for violating criminal laws). In the context of a revocation proceeding, a probationer's violation of federal law does not result in a charge or sentence under federal law. Further, if the probationer complies with the Amendment and its implementing statutes, there would be no viable charge of violating Colorado law prohibiting possession or use of marijuana.

¶34 Likewise, revoking probation based on a probationer's violation of federal law prohibiting possession or use of marijuana does not "completely frustrate" the purpose of the Amendment. *SeeTilehkooh*, 113 Cal.App.4 th at 1443, 7 Cal.Rptr.3d at 233. The Amendment remains a defense to a criminal charge against a probationer based on Colorado statutory prohibitions against possession or use or marijuana.

¶35 We also observe that a different division of the California Court of Appeal held in *People v. Bianco*, 93 Cal.App.4th 748, 113 Cal.Rptr.2d 392 (2001), that California's medical marijuana use statute did not bar the revocation of a probationer's probation based on his violation of federal law prohibiting possession or use of medical marijuana. The division reasoned that the condition was "reasonably directed at defendant's future criminality, " a legitimate concern of a probationary sentence, and that probation conditions may limit or even prohibit otherwise lawful conduct. *Id.* at 753-54, 113 Cal.Rptr.2d at 396-97. We find the reasoning of that case persuasive.

¶36 Finally, in *State v. Nelson*, 195 P.3d 826 (Mont. 2008), the Montana Supreme Court held that the trial court exceeded its authority in imposing a probation condition that required the defendant to comply with federal drug laws rather than the state's medical marijuana statute, Mont. Code Ann. § 50-46-319 (formerly § 50-46-201). There, although the terms of the defendant's probation expressly permitted him to use marijuana for medical purposes, the defendant contested the court's restriction on the *form* of marijuana he could use. *Id.* at 829. The court held that the trial court exceeded its authority in requiring the defendant to "comply with all city, county, state, federal laws, ordinances, and conduct himself as a good citizen" "only insofar as it relates to enforcing the [federal law] at the expense of the [state medical marijuana law]." *Id.* at 834.

¶37 The *Nelson* court relied heavily on the *Tilehkooh* court's reasoning, which we have found unpersuasive. Further, the Montana statutory provision contained language (on which the court expressly relied) significantly broader than that in Colorado's Amendment. *Id.* at 833 (under former Mont. Code Ann. § 50-46-201(1) (now codified at § 50-46-319(2)), a qualified patient "may not be... denied any right or privilege").

¶38 Significantly, unlike Colorado, neither California nor Montana has a statutory requirement that all probation sentences include a condition that the defendant "not commit another offense during the period for which the sentence remains subject to revocation." *Compare* § 18-1.3-204(1) *with* Cal. Penal Code § 1203.1 (listing conditions of probation that a trial court may impose) *and* Mont. Code Ann. § 46-23-1011 (listing requirements of supervision of probation, including conditions of probation that a trial court may impose).

¶39 We therefore conclude that section 18-1.3-204(1), requiring that all probation sentences explicitly include a condition that probationers not commit offenses during the probation period, includes federal offenses and is not limited by Colorado Constitution, article XVIII, section 14.

¶40 Accordingly, the trial court's order approving defendant's use of marijuana for medical purposes while on probation is vacated, and the case is remanded for further proceedings consistent with this opinion.

JUDGE FURMAN and JUDGE J. JONES concur.

---------

Notes:

[*]Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2011.

---------