**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02471-JLK

PAUL CURRY,

    Plaintiff,

v.

MILLERCOORS, INC.,

    Defendant.

---
ORDER GRANTING MOTION TO DISMISS
---

Kane, J.

This matter is before me on Defendant MillerCoors's[1] Motion to Dismiss the Complaint of Plaintiff Paul Curry, Doc. 8.

*Jurisdiction and Background*

Mr. Curry commenced this action in the District Court for the City and County of Denver, State of Colorado, by the filing on June 26, 2012, of a Summons and Complaint. MillerCoors was served with the Summons and Complaint on August 28, 2012. MillerCoors removed this case on September 17, 2012 to the United States District Court for the District of Colorado per 28 U.S.C. § 1441 and § 1446 and D.C.COLO.L.Civ.R. 81.1.  As fewer than thirty days had elapsed between MillerCoors's filing a Notice of Removal and Mr. Curry serving MillerCoors with the Summons and Complaint, removal was timely under 28 U.S.C. § 1446(b).

---

[1] I have used "'s" to construct the possessive form of MillerCoors. The Chicago Manual of Style indicates that both "MillerCoors'" and "MillerCoors's" are correct, but expresses a preference for the latter. Particularly because MillerCoors is a proper noun, I share that preference and have accordingly adopted that form throughout this Order.

Mr. Curry is a citizen of Colorado. He alleges that he is a current resident in Denver, Colorado. Compl. ¶ 1. Moreover, he was an employee of MillerCoors in Colorado for seven years and maintained a Colorado residence during that time. Compl. ¶ 5 and Doc. 1-2 ¶¶ 4, 5. Mr. Curry held a Colorado driver's license and paid taxes in Colorado. Doc. 1-2 ¶¶ 6, 7.  MillerCoors is a citizen of Delaware and of Illinois. MillerCoors is incorporated in Delaware. Compl. ¶ 2. MillerCoors's principal place of business is in Illinois. *Id*., Doc. 1-2 ¶ 8.  In the Complaint, Mr. Curry prays for an amount calculated to compensate him for lost past and future earnings and other damages allegedly incurred, costs and attorney fees, the total sum of which Mr. Curry estimates as at least $75, 000.  Accordingly, this Court has original jurisdiction per 28 U.S.C. § 1332(a) and removal is proper per 28 U.S.C. § 1441(b). MillerCoors has complied with the applicable requirements of 28 U.S.C. § 1446(b) and (c).

According to the Complaint, Mr. Curry, a man suffering from hepatitis C, osteoarthritis and pain, is licensed by the State of Colorado to use medical marijuana pursuant to the Medical Marijuana Amendment, Colo. Const. Art. XVIII, § 14.  Mr. Curry alleges that he used marijuana within the limits of the license, never used marijuana on MillerCoors's premises, and was never under the influence of marijuana at work.  MillerCoors fired Mr. Curry after he tested positive for marijuana, which established a violation of MillerCoors's written drug policy. Nothing in the record indicates that MillerCoors discharged Mr. Curry on any other ground.

Mr. Curry filed this action, claiming that his termination violated the employment discrimination provisions found in C.R.S. § § 24-34-402(1)(a), C.R.S. § 24-43-402.5, C.R.S. § 24 34-402(1)(d), and also that MillerCoors tortiously invaded his privacy. MillerCoors filed the instant Motion to Dismiss, Doc. 8, arguing that each of Mr. Curry's claims fails under Fed.R.Civ.P 12(b)(6).

For the following reasons, I GRANT MillerCoors's motion in totum.

*Legal Standard*

The United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544 (2007) sets out the standard for considering a motion to dismiss for failure to state a claim. It is no longer enough that a claim be conceivable; it must be plausible. *Id*. at 570. The Tenth Circuit has characterized the standard as follows: "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10 Cir. 2008), (quoting *Twombly*, 550 U.S. at 570). Furthermore:

> [u]nder this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
> > the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10 Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.

*Id.* at 1247. More recently, the Supreme Court clarified the pleading requirements set forth in *Twombly*:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." T*wombly*, 550 U.S. at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

*Disability Discrimination per C.R.S. § 24-34 402(1)(a)*

Mr. Curry's first claim is for disability discrimination under C.R.S. § 24-34 402(1)(a), which statute provides in pertinent part as follows:

> (1) It shall be a discriminatory or unfair employment practice:
>
> (a) For an employer to refuse to hire, to discharge, to promote or demote, to harass during the course of employment, or to discriminate in matters of compensation, terms, conditions, or privileges of employment against any person otherwise qualified because of disability, race, creed, color, sex, sexual orientation, religion, age, national origin, or ancestry; but, with regard to a disability, it is not a discriminatory or an unfair employment practice for an employer to act as provided in this paragraph (a) if there is no reasonable accommodation that the employer can make with regard to the disability, the disability actually disqualifies the person from the job, and the disability has a significant impact on the job.

C.R.S. § 24-34 402(1)(a).

Mr. Curry alleges that "MillerCoors discharged [Mr. Curry] . . . because of the treatment that [Mr. Curry] was using to manage the symptoms of his disabling medical conditions." Compl. ¶ 31. The "treatment" at issue is Mr. Curry's allegedly infrequent use of medical marijuana. *Id*. ¶¶ 17, 28, 29.  Mr. Curry asserts that he "did not require any accommodation for this treatment because he only used medical marijuana off-duty and his disability, as well as the treatment of his disability, did not have a significant impact on his job." *Id*. ¶ 31.

Mr. Curry's first cause of action fails to state a claim for which relief can be granted.  His allegation that he was terminated because of using medical marijuana to treat medical conditions does not pass muster because a positive test for marijuana, whether from medical or any other use, is a legitimate basis for discharge under Colorado law. *See Slaughter v. John Elway Dodge Southwest/Autonation*, 107 P.3d 1165, 1170 (Colo. App. 2005) (C.R.S. § 8-73-108(5)(e)(IX.5) "clearly establishes that it is acceptable for an employer to have a written drug policy and to terminate an employee as the result of a drug test showing the presence of marijuana in the employee's system during working hours"); *Benoir v. Industrial Claim Appeals Office*, 262 P.3d 970, 977 (Colo. App. 2011) (ruling employee at fault under C.R.S. § 8-73-108(5)(e)(IX.5) for separation from employment, despite constitutional amendment allowing medical marijuana).

Mr. Curry simply alleges MillerCoors's enforcement of its drug-free workplace policy. *See* Compl. ¶¶ 28, 29. Enforcing its policy is a lawful basis for MillerCoors's decision to discharge Mr. Curry. *Slaughter,* 262 P.3d at 1170; see *also Kosmicki v.*

*Burlington Northern & Santa Fe Ry. Co.*, 545 F.3d 649, 650 (8th Cir. 2008) (Americans with Disabilities Act case ruling that employee's violation of employer policy by both (a) failing to provide employer complete factual information regarding his treatment and medication on a medical screening questionnaire and (b) working while taking prescription drugs that affected his cognitive abilities, were legitimate non-discriminatory reasons for discharge); 42 U.S.C. § 12114(c)(3) (employer may require employees to conform with requirements of Drug Free Workplace Act [41 U.S.C. §§ 8101-8106]); 21U.S.C. § 812(c)(c)(17) (listing THC, a component of marijuana, on schedule I). Mr. Curry does not allege that MillerCoors applied its drug-free workplace policy differently or more stringently on employees licensed to use medical marijuana who test positive for the drug than it does on any other group of employees.

Despite concern for Mr. Curry's medical condition, anti-discrimination law does not extend so far as to shield a disabled employee from the implementation of his employer's standard policies against employee misconduct. *See* EEOC, *Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act* ¶¶ 35, 36 (October 17, 2002) (explaining that an employer is not required to excuse a violation of a uniformly applied conduct rule that is job-related and consistent with business necessity, even if the misconduct is the result of a disability). In other words, a termination for misconduct is not converted into a termination because of a disability just because the instigating misconduct somehow relates to a disability. Therefore, though Mr. Curry may never have used medical marijuana absent his disability, MillerCoors did not unlawfully terminate him "because of" his disability.

*Invasion of Privacy*

Mr. Curry's second claim is for invasion of privacy based on two alleged intrusions upon seclusion.[2] Compl. ¶¶ 38, 50, 53.  First, he alleges that MillerCoors's "medical marijuana disclosure policy purports to require MillerCoors to gain access to information about patients in the state health agency's confidential registry." *Id*. ¶ 44; *see also id.* ¶¶ 40, 50, & 57. Second, he alleges he did not consent to the drug screens administered on March 3, 2011. *Id*. ¶¶ 53 &56.  After first setting forth the pertinent legal considerations, I will address each allegation in turn, finding neither succeeds.

The Restatement (Second) of Torts § 652B (1981) states that: "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *See Doe v. High-Tech Institute, Inc.,* 972 P.2d 1060, 1067 (Colo. App. 1998) (citing Restatement and citing *Grease Monkey International, Inc. v. Montoya*, 904 P.2d 468 (Colo.1995) for authority to rely on the Restatement).  Additionally, a claim for intrusion upon seclusion requires showing "an unreasonable manner of intrusion or an intrusion for an unwarranted purpose." *Slaughter*, 107 P.3d at 1171.

<u>Privacy Claim Based On MillerCoors's Policy</u>

---

[2] In the section of his Response concerning his privacy claim, Mr. Curry contends that MillerCoors's policy is itself "unconstitutional." Doc. 10 at 15-16. Mr. Curry's Complaint, however, uses provisions under the Colorado Constitution and statutes to support the existence of a legal duty for a tort claim, not as the basis for a separate claim of unconstitutionality. Compl. ¶¶ 41-42.  As such, I will not here consider a stand-alone constitutionality claim.  The same Response section further contends that MillerCoors's policy is discriminatory.  Doc. 10 at 13-15.  As this assertion is also wanting in the Complaint, I again decline to treat the issue.

Mr. Curry fails to state a privacy claim based on MillerCoors's policy that allegedly "required" him to disclose "private and confidential medical information." Compl. ¶ 50. MillerCoors's policy required employees who are medical marijuana patients to report their recommendations for medical marijuana. Compl. ¶ 19. However, Mr. Curry does not allege that he complied with the policy. He did not report his physician's recommendation to MillerCoors. Compl ¶ 52. In the absence of an allegation of a disclosure by Mr. Curry, there was no intrusion. *Frye v. IBP, Inc.*, 15 F.Supp.2d 1032, 1046 (D.Kan.1998)(employee who did not comply with employer request to submit to a drug test could not demonstrate an intrusion); *see e.g., Greco v. Halliburton Co.*, 674 F.Supp. 1447, 1451 (D.Wyo.1987)(plaintiff could not prove that termination for refusal to submit to urinalysis was invasion of privacy); *Jennings v. Minco Technology Labs, Inc.*, 765 S.W.2d 497 (Tex. App.-Austin 1989, writ denied) (where employee refused consent to drug test, employer not liable for invasion of privacy); *Gretencord v. Ford Motor Co.,* 538 F.Supp. 331, 333 (D.Kan.1982) (employee who refused to let employer search vehicle could not sue for damages "as a result of an act that did not occur.")

Even were Mr. Curry to have disclosed his status as a medical marijuana patient, an employer's request for such information does not constitute "an unreasonable manner of intrusion or an intrusion for an unwarranted purpose." *See* Slaughter,107 P.3d at 1171 (rejecting employee's contention that an employee's right to refuse drug testing is clearly

expressed in the tort of invasion of privacy).  Accordingly, Mr. Curry has no claim for invasion of privacy based on MillerCoors's policy.

### Privacy Claim Based On The Drug Screens

Mr. Curry alleges that "MillerCoors intentionally interfered with Mr. Curry's privacy when it took saliva samples from him without his consent."  Compl. ¶ 56.  In his statement to the Colorado Civil Rights Commission ("CCRC") in support of his Charge of Discrimination, however, Mr. Curry directly contradicts his allegation by reporting, "I voluntarily submitted to this drug screen on two separate occasions on March 3, 2011."  Doc. 8, Ex. B at 6.

Given this contradiction of material fact, I cannot rule that MillerCoors did not invade Mr. Curry's privacy on the ground that he gave his consent.[3]  I will rule, however, that MillerCoors did not invade Mr. Curry's privacy for at least two other reasons.

First, Colorado law, specifically, C.R.S. § 8-73-108(5)(e)(IX.5), "plainly recognizes an employer's right to conduct drug testing."  *Slaughter,* 107 P.3d at 1170.  Although the facts of *Slaughter* involved recreational marijuana use as opposed to medical marijuana use, *Benior* makes plain that amendments to the Colorado Constitution or new statutes concerning medical marijuana do not render tortious an employer's policies concerning marijuana.  *Benior*, 262 P.3d at 967 (holding that the Colorado

---

[3] Of course, as the Motion is currently postured as a Motion to Dismiss, whereby only the sufficiency of a plaintiff's complaint is tested, I may not in any event rely on the Charge of Discrimination to question Mr. Curry's allegation.  As MillerCoors notes, however, Fed. R.Civ.P 12(d) allows me to convert a motion to dismiss into one for Summary Judgment under Fed. R.Civ.P. 56, and doing so would permit me to consider all properly submitted evidence, including, for example, Mr.Curry's Charge of Discrimination.  Such would not be helpful in this instance, however, because the allegation and the evidence extrinsic to the complaint are at odds and summary judgment requires that there be no genuine dispute of material fact.

Constitution as amended with respect to medical marijuana "does not give medical marijuana users the unfettered right to violate employers' policies and practices regarding use of controlled substances.")

Second, Mr. Curry has no claim based on the drug screens because such tests are not offensive to a reasonable person. The tests involved Mr. Curry having to hold a swab in his mouth. There are no allegations that Mr. Curry had the swab forced into his mouth, that the swab pained him in anyway, that he had to hold the swab in his mouth for a significant length of time, etc. There is no allegation suggesting that the mouth swab test was anything other than minimally intrusive. Because Mr. Curry does not allege that the method of the test—swabbing for saliva—is highly offensive and because I see no way a jury could reasonably consider the test highly intrusive, I find Mr. Curry's claim fails. *See Frye*, 15 F.Supp.2d at 1042.

*Lawful Activities Statute*

For Mr. Curry's third cause of action, he alleges that MillerCoors violated C.R.S. 24-34-402.5(1). Specifically, he alleges that MillerCoors discharged him for using medical marijuana during non-working hours. Compl. ¶ 66.

C.R.S. § 24-34-402.5 prohibits an employer from terminating an employee "due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours." The statute creates a cause of action for intentional discrimination. *See Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 375 (Colo. 1997) ("a jury instruction submitted pursuant to this statute would necessarily include an element providing that

the employee was discharged because he or she engaged in lawful activity . . ."). Employers may raise a defense that the employer's restriction on off-work activities "relates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees . . ." or "is necessary to avoid a conflict of interest with any responsibilities to the employer or the appearance of such a conflict of interest." C.R.S. § 24-34-402.5.

Mr. Curry mistakenly suggests that "lawful" in this statute is restricted in meaning to Colorado law, under which it is indeed legal to use marijuana. The Colorado Court of Appeals recently explained in *Coats v. Dish Network, L.L.C.*, 2013 WL 1767846 (Colo. App. 2013), however, that "lawful activity" for purposes of C.R.S. § 24–34–402.5 includes both federal and state law. "[B]ecause activities conducted in Colorado, including medical marijuana use, are subject to both state and federal law, for an activity to be "lawful" in Colorado, it must be permitted by, and not contrary to, both state and federal law." *Id.* at *2 (internal citation omitted).

Accordingly, because Mr. Curry's state-licensed medical marijuana use was, at the time of his termination, subject to and prohibited by federal law, it was not "lawful activity" for the purposes of C.R.S. § 24–34–402.5.

*Discriminatory or Unfair Employment Practice per C.R.S. § 24-34-401(1)(d)*

Mr. Curry's fourth and final cause of action is for violation of C.R.S. § 24-34-402(1)(d). That statute provides that it is a discriminatory or unfair practice:

> For any employer, employment agency, or labor organization to print or circulate or cause to be printed or circulated any statement, advertisement, or publication, or to use any form of application for employment or membership, or to make any inquiry in connection with prospective employment or membership that expresses, either directly or indirectly, any limitation, specification, or discrimination as to disability, race, creed, color, sex, sexual orientation, religion, age, national origin, or ancestry or intent to make any such limitation, specification, or discrimination, unless based upon a bona fide occupational qualification or required by and given to an agency of government for security reasons;

C.R.S. § 24-34-402(1)(d).

Mr. Curry alleges that "MillerCoors' drug-free workplace policy makes an inquiry in connection with membership that expresses a specification as to disability, specifically membership as a medical marijuana patient." Compl. ¶ 69. Further, Mr. Curry alleges that "MillerCoors discriminated against Plaintiff by making an inquiry in connection with Plaintiff's membership as a medical marijuana patient that necessarily implicates Plaintiffs debilitating medical conditions." *Id.*

Mr. Curry's last claim fails because he misconstrues the statute[4]. "Membership" as contemplated by C.R.S. § 24-34-402(1)(d) refers to membership in a labor organization. The statute forbids employers and labor organizations from excluding certain protected classes from the recruiting process and likewise from attempting to recruit based on discriminatory criteria, i.e., an employer cannot advertise an opening for a "100% healthy white male." *See Brooke v. Restaurant Services, Inc.,* 906 P.2d 66, 66 n.3

---

[4] MillerCoors also argues for dismissal on the grounds that 1) its tests are based upon a "bona fide occupational qualification;" and 2) Mr. Curry failed to exhaust his administrative remedies. Because I find the word "membership" as used in the statute does not allow Mr. Curry's claim to survive, it is unnecessary for me to consider these arguments.

(Colo.1995)(stating C.R.S. § 24-34-402(1)(d) prohibits discrimination in "employment advertising" by any employer, employment agency, or labor organization).

Moreover, reading § 24-34-402(1)(d) in conjunction with other subsections compels the conclusion that "membership" refers to membership in a labor organization. "A term appearing in several places in a statutory text is generally read the same way each time it appears." *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994).  Section 24-34-402(1)(c) makes it an unfair or discriminatory practice for "a labor organization to exclude any individual otherwise qualified from full membership rights in such labor organization, or to expel any such individual from membership in such labor organization, or to otherwise discriminate against any of its members in the full enjoyment of work opportunity because of disability…" Section 24-34-402(1)(e) addresses "any person, whether or not an employer, an employment agency, a labor organization, or the employees or members thereof."  "Membership" and "member" relate back to a labor organization, just as "employee" in these statutes clearly relates back to "employer" and "employment agency."

*Conclusion*

For the reasons above, I GRANT MillerCoors's Motion to Dismiss, Doc. 8, and DISMISS WITHOUT PREJUDICE.  Mr. Curry's allegations unsuccessfully search and stretch Colorado law for an employment claim related to the medical use of marijuana. The alleged facts in this case make no such claim plausible.  Mr. Curry, per MillerCoors's standard policies, took a drug screen that tested positive for cannabinoids. Under established Colorado law, discharging an employee under these circumstances is

lawful, regardless of whether the employee consumed marijuana on a medical recommendation, at home or off work.

DATED:	August 21, 2013	BY THE COURT:

	*s/John L. Kane*
	John L. Kane, U.S. Senior District Judge